IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01743-NYW

CHRISTOPHER TEAGUE,

    Plaintiff,

v.

ACXIOM CORPORATION,

    Defendant.

## ORDER DENYING MOTION TO APPROVE FLSA SETTLEMENT

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff Christopher Teague's ("Plaintiff" or "Mr. Teague") Unopposed Motion for Approval of FLSA Settlement Agreement and Dismissal With Prejudice (the "Motion"). [#7]. This civil action was referred to the undersigned Magistrate Judge to fully preside over for all purposes. *See* [#12]; 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Having reviewed the Motion, the applicable case law, and the entire docket, the court **DENIES** the Motion **WITHOUT PREJUDICE**.

### BACKGROUND

    Plaintiff initiated this action on July 9, 2018. [#1]. Mr. Teague asserts that Defendant Acxiom Corporation ("Defendant" or "Acxiom") employed Plaintiff as an Enterprise Data Sales Executive. [*Id.* at ¶ 8]. His job responsibilities included "selling Defendant's products from his home-based office and servicing Defendant's existing clients." [*Id.* at ¶ 9]. Plaintiff alleges that Defendant improperly classified him as exempt from the protections of the Fair Labor Standards Act ("FLSA") despite not performing any duties that would warrant such a classification, and that in doing so denied him overtime compensation for hours worked in excess of 40 per week. *See*

[*id.* at ¶¶ 10–15]. He therefore asserts claims under the FLSA and related Colorado Minimum Wage Order for unpaid overtime wages. *See generally* [#1].

Acxiom filed an Answer to the Complaint on July 13, 2018. [#5]. Two days later, Plaintiff filed the instant Motion. [#7]. The Parties indicate that they have reached a resolution as to Plaintiff's claims, and now seek court approval of the Settlement Agreement concerning his FLSA claim. [*Id.*].

**ANALYSIS**

Within the context of a lawsuit brought directly by employees against their employer under section 216(b) to recover unpaid wages or overtime under the FLSA, and upon consideration of whether the proposed settlement is fair, the district court may enter a stipulated judgment approving the agreement and dismissing the action. *Baker v. Vail Resorts Management Co.*, No. 13–cv–01649–PAB–CBS, 2014 WL 700096 (D. Colo. Feb. 24, 2014) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982)). Approval is appropriate upon demonstration that (1) the litigation involves a *bona fide* dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees. *Baker*, 2014 WL 700096, at *1 (citing *Lynn's Food Stores,* 679 F.2d at 1354).

Recently, as noted by the Parties, a court in this District has called into question whether court approval for an FLSA settlement requires court approval, absent any special circumstance. *Ruiz v. Act Fast Delivery of Colorado*, Civil No. 14-cv-00870-MSK-NYW, ECF 132, (D. Colo. Jan. 9, 2017) (unpublished).[1] Upon consideration of a motion to approve a settlement in an FLSA

---

[1] The court notes that the *Ruiz* court does not stand alone on this issue. Courts outside of this District have similarly questioned whether judicial approval of FLSA settlements is required or even appropriate, observing that parties may, with certain exceptions, manage the resolution of their cases independent of judicial intervention under application of Rule 41 of the Federal Rules

2

matter, the *Ruiz* court found that, with few exceptions, such settlements do not require court approval. *Id.* Because the issue is not yet settled by the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit"), this court proceeds with applying the standard utilized by courts in this District to consider whether it can approve the settlement.

**I.    *Bona Fide* Dispute**

For the court to discern whether a *bona fide* dispute exists, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employee; (3) the employer's reasons for disputing the employee's right to overtime; (4) the employee's justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Baker*, 2014 WL 700096, at *1.

This court finds that the Parties adequately describe their dispute. As stated above, Plaintiff worked as Defendant's Enterprise Data Sale Executive from his home-office. [#1 at ¶¶ 8–9]. Plaintiff maintains that he did not travel regularly enough to qualify as an outside sales representative, or that he performed any exempt duties typical of executive, administrative, or

---

of Civil Procedure. *See Picerni v. Bilingual Seit & Preschool Inc.,* 925 F. Supp. 2d 368, 375 (E.D.N.Y. 2013); *Martinez v. Bohls Bearing Equipment Co.*, 361 F. Supp. 2d 608, 618-31 (W.D. Tex. 2005). Recently, in *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit addressed the issue in a matter of first impression and held that parties cannot enter into private settlements of FLSA claims without either the approval of the district court or the Department of Labor. 796 F.3d 199 (2d Cir. 2015) (determining that the FLSA is an "applicable federal statute" within the meaning of Rule 41, and thus an exception to the operation of Rule 41). In reaching its decision, the *Cheeks* court considered the potential for abuse in FLSA settlements against the FLSA's underlying purpose "to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work," and the Supreme Court's consistent efforts to "interpret[] the Act liberally and afford[] its protections exceptionally broad coverage." *Id.* at 206 (citations omitted). To this court's knowledge, the Tenth Circuit has not yet entered the debate or otherwise provided guidance as to whether the FLSA falls within the federal statute exception to Rule 41.

professional employees, or that he performed work typical of a highly compensated employee. [#7 at ¶ 10]. Plaintiff further asserts that he regularly worked more than 40 hours per week without any overtime compensation. Defendant, however, denies that Plaintiff was an Enterprise Data Sales Executive or that Plaintiff's job duties were exactly as alleged, and generally denies that Plaintiff's entitlement to overtime compensation. *See generally* [#5]. Thus, I conclude that a *bona fide* dispute led to the settlement negotiation and resulting terms.

## II. Fair and Equitable Settlement Agreement

"To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employees and must not frustrate the FLSA policy rationales." *Baker*, 2014 WL 700096, at *2. The "prime purpose" in enacting the FLSA "was to aid the unprotected, unorganized and lowest paid . . . employees who lack[ ] sufficient bargaining power to secure for themselves a minimum subsistence wage." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707, n.18 (1945). *See also Christopher v. SmithKline Beecham Corp.,* 132 S.Ct. 2156, 2162 (2012) ("Congress enacted the FLSA in 1938 with the goal of protect[ing] all covered workers from substandard wages and oppressive working hours.") (citation omitted). "Normally, a settlement is approved where it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief . . . ." *Felix v. Thai Basil at Thornton, Inc.*, No. 14–cv–02567–MSK–CBS, 2015 WL 2265177, at *2 (D. Colo. May. 6, 2015) (citation omitted).

The Tenth Circuit considers the following factors in determining whether to approve a class action settlement under Fed. R. Civ. P. 23(e): (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the

4

mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1188 (10th Cir. 2002). Courts in this District apply the same four factors to their review of a settlement agreement resolving FLSA claims in a collective and individual action. *See Pliego v. Los Arcos Mexican Restaurants, Inc.*, 313 F.R.D. 117, 130 (D. Colo. 2016); *Morton v. Transcend Service, Inc.*, No. 15–cv–01393–PAB–NYW, 2017 WL 977812, at *2 (D. Colo. Mar. 13, 2017). *See also Albu v. Delta Mechanical Inc.*, No. 13–cv–03087–PAB–KMT, 2015 WL 4483992, at *3 (D. Colo. June 30, 2015) ("Courts considering both individual and collective settlements under the FLSA turn to the factors for evaluating the fairness of a class action settlement under Fed. R. Civ. P. Rule 23(e)" (citations omitted)).

Under the terms of the proposed Settlement Agreement, Defendant agrees to pay $20,000.00 to Plaintiff to resolve his FLSA claim. [#7 at 3; #7-1 at 3]. Counsel represent that the total amount of the settlement "reflects that serious questions of law and fact exist that place the ultimate outcome of the litigation in doubt[]" and that settlement eliminates the risk of loss to Plaintiff should he recover nothing. [#7 at 3]. The Parties are represented by counsel who assert that the terms of settlement are fair and reasonable, and the court finds no reason to question this assessment. The court also finds, based on the Parties' representations of their respective positions described above and upon its own review and familiarity with the case, that serious questions of law and fact exist which render the ultimate outcome of the litigation uncertain. I find that the value of recovery at this stage in the case outweighs the possibility of future relief for Plaintiff. And the court agrees with the Parties' assertion that the settlement is fair and reasonable and reflects an adequate compromise that considers the attendant risks for each party associated with proceeding with this litigation.

The court considers next whether the settlement agreement undermines the purpose of the FLSA, "which is to protect employees' rights from employers who generally wield superior bargaining power." *Morton*, 2017 WL 977812 at *2. Factors that may cause a court to reject a proposed settlement include (1) the presence of other employees similarly situated to the claimant, (2) a likelihood that the claimant's circumstance will recur, and (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region. *Id.* (citing *Dees v. Hydrady, Inc.*, 706 F. Supp. 2d 1227, 1244 (M.D. Fla. 2010)). None of these concerns are present here. The settlement agreement is written for Plaintiff individually, and there are no allegations of similarly situated employees. There is no indication that the alleged violations could recur; and there is no indication that Defendants have a history of flouting FLSA requirements. I find that the settlement agreement does not run afoul of the policy concerns underpinning the FLSA.

## III. Attorney Fees

Finally, the court considers whether the amount provided for in the settlement agreement for Plaintiff's attorney's fees is reasonable. The settlement sets aside a separate sum of $6,900 for attorney's fees and costs. [#7-1 at 6]. As acknowledged by the Parties, there is a general preference that parties reach an agreement regarding the fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee."). However, the court must nonetheless conduct an independent examination of whether the fees are reasonable. *See Silva v. Miller*, 307 F. App'x 349, 351–52 (11th Cir. 2009) (holding that contingency contract between counsel and plaintiff did not abrogate court's duty to review the reasonableness of legal fees in an FLSA settlement). Courts may determine the reasonableness of a fee request by calculating the "lodestar amount," which

represents the number of hours reasonably expended multiplied by a reasonable hourly rate. *See Hensley*, 461 U.S. at 433. The lodestar amount may be adjusted according to the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of the legal services to the client, awards in similar cases, or other factors. *See Tallitsch v. Child Support Servs., Inc.,* 926 P.2d 143, 147 (Colo. App. 1996).

The Parties ask the court to approve $6,900 in attorney fees and costs, which represents the work performed on an hourly basis for Plaintiff. They represent, as officers of the court, that the amount is the total amount of fees and costs that Plaintiff's counsel will receive, and that this amount reflects the amount of time spent investigating, preparing, and settling Plaintiff's FLSA and non-FLSA claims. [#7 at 4]. Further, the Parties explain that the fees and costs are to be paid solely from the settlement amount of Plaintiff's non-FLSA claim, which does not require court approval, and that in sum the $6,900 equates to "*less than 15% of the gross recovery.*"[2] [*Id.* at 4–5].

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.,* 295 F.3d 1065, 1078 (10th Cir. 2002). A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter,* 61 F.3d 1505, 1510 (10th Cir. 1995). In order to satisfy this burden, Plaintiff must produce "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984). The court may adjust the rates suggested by counsel based on its own familiarity with

---

[2] Based on this representation, this court infers that the gross settlement amount for all claims is closer to $50,000.

the range of prevailing rates in the Denver, Colorado market. *Guides, Ltd.*, 295 F.3d at 1079. In addition, the Local Rules of Civil Practice for this District requires that a motion for attorney's fees be supported by affidavit. D.C.COLO.LCivR 54.3. Though not presented as a motion for attorney's fees, this court extends such requirement to this context because the Parties are seeking the court's approval of a privately negotiated amount for attorney's fees and costs.

The Parties explain that Michael D. Kuhn and Andrew E. Swan of Lewis Kuhn Swan PC represented Plaintiff in this matter, and that they "are all experienced in wage and hour litigation such as this and have brought and defended a number of wage and hour actions, including similar actions brought in this District." [#7 at 4]. But because counsel does not provide the court with any supporting affidavit or documentation to corroborate their fees and costs as required by this District's Local Rules, D.C.COLO.LCivR 54.3,[3] or how many hours counsel spent, or what tasks counsel completed, the court cannot make an independent determination as to the reasonableness of the portion of the $6,900 fee that is attributable to the FLSA claims. Nor does Plaintiff's counsel present a separate Non-FLSA Settlement (if one exists), to assure the court that the Non-FLSA Settlement is not simply limited to attorney's fees and costs to avoid scrutiny. Therefore, the court has no way to determine whether the rates upon which Plaintiffs' counsel calculates a "lodestar amount" are reasonable.

In *Ruiz*, after concluding that the parties did not require judicial review to proceed with their FLSA settlement, the court found that it could not approve the settlement for several reasons, including the parties' failure to include a calculation of the total amount of unpaid wages and overtime arguably owed to the plaintiffs, the request for payment of incentive awards to the named plaintiffs, a general lack of documentation supporting the attorney fees and costs sought by

---

[3] Plaintiff notes that he would be willing to send this information to the court for *in camera* review. [*Id.* at 5 n.1].

plaintiffs' counsel, and the lack of indication that all opt-in plaintiffs had consented to the settlement. *Ruiz*, Civil No. 14-cv-00870-MSK-NYW, ECF 132. In so finding, the *Ruiz* court contemplated that the parties could elect to proceed with their settlement independent of the court's review, but if they chose to renew the motion for approval of settlement they would be required to address the court's concerns. *Id.*

This case is distinguishable from *Ruiz*, in that Mr. Teague is not settling a collective action and it does not appear that any other opt-in plaintiffs' interests are at issue. But insofar as the Tenth Circuit case law calls upon the court to render an independent analysis of whether the fees attributable to the FLSA action are reasonable, this court cannot discharge that duty without additional information. This court notes that the Parties before it may elect to proceed independently in the resolution of this matter without judicial approval of the settlement. However, should the Parties continue to seek judicial review of their proposed settlement agreement, they must cure the deficiencies as described by the court herein, and such information <u>will not</u> be subject to restriction or *in camera* review (unless a privilege separately attaches to the information), as such confidentiality runs contrary to the object of the FLSA's approval mechanism and the case law governing restriction of information from public examination. *E.g.*, *Nat'l Sur. Corp. v. Dustex Corp.*, No. C13-2004, 2014 WL 46541, at *3–4 (N.D. Iowa Jan. 6, 2014) (stating the general proposition that attorney bills and invoices reflecting time spent, amount billed, task completed, and fee arrangement are not confidential or subject to restriction unless they contain confidential information (collecting cases) (citations omitted)).

## CONCLUSION

Therefore, **IT IS ORDERED** that:

(1) The Unopposed Motion for Approval of FLSA Settlement Agreement and Dismissal With Prejudice [#7] is **DENIED without prejudice**; and

(2) On or before **August 16, 2018**, the Parties shall either **DISMISS** this action pursuant to their Settlement Agreement and Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, or **RENEW** their Motion for Approval of settlement consistent with the instruction provided herein.

Dated: August 9, 2018                    BY THE COURT:

*Nina Y. Wang*
Nina Y. Wang
United States Magistrate Judge